■ In the Matter of BOARD OF EDUCATION, COMMACK UNION FREE SCHOOL DISTRICT, Appellant, v HENRY A. FERNANDEZ, as State Review Officer of the State Education Department of the University of the State of New York, et al., Respondents.— Mikoll, J. P. Appeal from a judgment of the Supreme Court (Travers, J.), entered September 11, 1991 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State Review Officer of the State Education Department granting a request by respondents Thomas P. Neary, Jr. and Noreen Neary for reimbursement of the cost of an independent evaluation of their child.

The question presented is whether the administrative appeal from a determination of an impartial Hearing Officer was taken prior to July 1, 1990 so as to deprive respondent State Review Officer of the State Education Department (hereinafter the SRO) of jurisdiction to entertain the appeal (see, L 1990, ch 53, § 112; Education Law § 4404 [2]; 8 NYCRR former 276.10).

Meagan Neary (hereinafter Meagan), daughter of respondents Thomas P. Neary, Jr. and Noreen Neary (hereinafter collectively referred to as the Nearys), was a third-grade student in the Commack Union Free School District in Suffolk County who was evaluated by the Committee on Special Education (hereinafter the CSE). Meagan was diagnosed as suffering from a learning disability and was placed in regular day classes with supplemental resource room support. In 1989, Meagan was reevaluated. The CSE advised the Nearys of the test results and informed them that it was considering placing Meagan in a self-contained classroom. The CSE also recommended neurological testing. At this point the Nearys, although they did not contest the accuracy of the results, believed that the recommendation was incorrect and had Meagan independently evaluated.

The Nearys' request for reimbursement from petitioner of $1,085, the cost of the independent evaluation, was initially denied under 8 NYCRR former 200.5 (b) (2) on the ground that the Nearys failed to inform petitioner that they desired private testing prior to obtaining the independent evaluation. After an impartial hearing was conducted, the Hearing Officer found that the recommendation was appropriate and denied the request for reimbursement. The Nearys, on June 27, 1990,

served petitioner with a notice of intent and petition seeking review of the determination by the Commissioner of Education. On July 2, 1990, the day after legislation authorizing review of this type of determination by the SRO rather than the Commissioner became effective (L 1990, ch 53, §§ 60, 112), copies of these papers were received in the Office of Counsel of the State Education Department. After hearing the administrative appeal the SRO found, *inter alia,* that the appropriateness of an evaluation depended not only on test results, but also on the interpretation of those results. The SRO further concluded that the CSE's recommendation to place Meagan in a self-contained classroom atmosphere was not appropriate and granted reimbursement to the Nearys.

This CPLR article 78 proceeding was then commenced by petitioner seeking review of the SRO's determination. Supreme Court duly heard the matter and held that the administrative appeal was not commenced until July 2, 1990, when copies of the notice of intent to seek review and petition were filed with the Office of Counsel. Supreme Court also ruled that the SRO had jurisdiction to determine the appeal, that the determination was not arbitrary and capricious, and that the petition should be dismissed. This appeal by petitioner ensued.

Petitioner's contention that the appeal was commenced when the notice of intent to seek review and petition were served on it prior to the July 1, 1990 effective date of the statute authorizing the SRO to hear administrative appeals (Education Law § 4404 [2]) is meritorious. Here, the Nearys served the required papers in a timely fashion on June 27, 1990 as required by 8 NYCRR former 279.2 (b); the appeal was therefore commenced as of that date *(see, Matter of Handicapped Child,* 25 Ed Dept Rep 163). Consequently, the appeal should have been retained by the Commissioner and the SRO was without jurisdiction to hear it.

Crew III, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination annulled and petition granted.